976 So.2d 848 (2008)
Gloria SMALL, Plaintiff-Appellant
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellee.
No. 43,024-CA.
Court of Appeal of Louisiana, Second Circuit.
February 20, 2008.
Weems, Schimpf, Gilsoul, Haines, Landry & Carmouche, by Brian D. Landry, Shreveport, for Appellant.
Cook, Yancey, King & Galloway, by Michael D. Lowe, S. Price Barker, Shreveport, for Appellee.
Before BROWN, GASKINS, and CARAWAY, JJ.
BROWN, Chief Judge.
In 2003, Gloria Small, a tenured school bus driver for the Caddo Parish School Board ("School Board"), attended a "bumping" session to fill vacant routes and chose the Southern Hills Elementary School bus route ("Southern Route") by right of seniority. After driving this route for three years, Small was moved from the Southern Route to the Summerfield Elementary School Route prior to the start of the 2006-2007 school year by the superintendent of schools. Small objected to this change and sought redress through the school board grievance procedures claiming retaliation. Small was represented by counsel throughout this grievance process, and at the close of an evidentiary hearing, Small dismissed her retaliation claim and asserted that the superintendent was without authority to change her bus route, citing La. R.S. 17:493.1. After the School Board rejected Small's grievance, she filed suit in district court seeking to be returned *849 to the Southern Route via issuance of a writ of mandamus or by injunctive relief against the School Board. The trial court found in favor of the School Board and denied Small's request for a writ of mandamus and alternative request for injunctive relief. We affirm.

Facts and Procedural History
Ollie Tyler, the Caddo Parish Superintendent of Schools, moved Small off the Southern Route prior to the start of the 2006-2007 school year. Tyler ordered the transfer due to a number of on-the-job incidents involving Small as reported by Otis Jones, Director of Transportation. In the spring of 2006, Small left her bus and confronted her daughter's teacher and substitute teacher on several occasions in a threatening and disruptive manner. Small's daughter was enrolled in the third grade at Southern Hills Elementary School. The confrontations include three separate incidents: (1) Small approached her daughter's teacher, Mary Gaspard, in the school's parking lot, in a manner that the teacher described as "rude and confrontational"; (2) Small left her bus to confront her daughter's substitute teacher, with Small telling the assistant principal that Small "will take care of seeing that [the substitute] doesn't work anywhere"; and (3) Small confronted Gaspard again in a threatening manner concerning her daughter's grades and in doing so, failed to continue her route to pick up waiting children.
Jones found these actions by Small to be in violation of School Board policies. Rather than instituting termination or other disciplinary actions, Superintendent Tyler approved the reassignment of Small to the Summerfield Elementary School Route which was close to and comparable to the Southern Route. The Summerfield Route was not more onerous and was in all respects equal to the Southern Route. There were no reductions of salary, benefits, seniority, or status.
Small instituted a grievance procedure against the School Board. In her grievance complaint she charged that the change was in retaliation for "speaking out against Administration's unfair treatment of my daughter at Southern Hills Elementary last school year." The matter was heard at a Level I hearing on August 29, 2006, with Otis Jones; a Level II hearing on September 12, 2006, with David Barr; a Level III hearing (which was a full evidentiary hearing) on October 11, 2006, with Dr. Mary Nash Robinson, Assistant Superintendent and Director of Human Resources; and, finally, a Level IV hearing with the School Board on March 20, 2007.[1]
At the conclusion of the Level III hearing, Small, who we again note was represented throughout by counsel, dismissed her retaliation claim and asserted that Superintendent Tyler was without authority to change her bus route.
All administrative relief was denied. On May 17, 2007, Small then filed a petition for writ of mandamus, or in the alternative, a request for injunctive relief in district court seeking to be returned to the Southern Route. The Board filed an exception of no cause of action and an opposition to the request for mandamus.
A judgment was rendered denying the School Board's exception of no cause of action and thereafter, on July 20, 2007, denying the request for writ of mandamus and injunctive relief. Small appealed. The School Board did not appeal the denial of its exception of no cause of action.

*850 Discussion

In its written opinion, the trial court states that Small "believes she `owns' this (Southern Route) unless she decides to quit or retire or unless she is discharged (for cause and following a tenure hearing) from her employment as a bus driver." Specifically, Small argues that "removing her from her route selected by seniority . . . amounts to discipline without notice or hearing in violation of (La. R.S. 17:493)." Small relies on La. R.S. 17:493.1 A(1)(a) which provides:
Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected. (Emphasis added).
Louisiana Revised Statute 17:493.1 does not strip a school board of its ability to manage the school bus routes within its jurisdiction. It simply sets a methodology based on seniority for filling a new or vacated route. The School Board appropriately vested Superintendent Tyler with the discretion and authority to approve administrative changes in regard to its school bus routes "when it is in the best interest of the students served." This standard necessitates the exercise of discretion to determine what is and what is not in the best interest of the students. If a public officer is vested with any amount of discretion, mandamus will not lie. Vogt v. Board of Commissioners of the Orleans Levee District, 01-0089 (La.App. 4th Cir.03/27/02), 814 So.2d 648, writ granted, 02-1388 (La.09/20/02), 825 So.2d 1153, writ denied, 02-1312 (La.09/20/02), 825 So.2d 1169; Landry v. City of Erath, 628 So.2d 1178 (La.App. 3d Cir.1993), writ denied, 94-0275 (La.03/25/94), 635 So.2d 235.
The requirements of La. R.S. 17:493.1 were fully complied with in this case, and Small was given the Southern Route based upon her choice and seniority. The question presented in this case is whether Small was removed or disciplined requiring a tenure proceeding pursuant to La. R.S. 17:493.[2]
Louisiana Revised Statute 17:493 provides in part:
A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, . . ., and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. . . .
C. If a permanent school bus operator is found guilty by a school board, after due and legal hearing as provided herein . . . and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the school bus operator a written statement of recommendation of removal or discipline. . . .
Superintendent Tyler testified that her action in moving Small to another route was specifically in lieu of removal or discipline. The move to another route was to avoid discipline, which could have included dismissal. The only difference between the Southern Route and the Summerfield Route was that on the new route Small did not drive to her daughter's school where her confrontations with her daughter's teachers had been disruptive, threatening, and embarrassing. The tenure statutes involve either termination or demotion. Neither occurred in this case. As long as *851 there is no element of retaliation, discrimination, harassment, demotion or lower professional standing, a transfer is not prohibited.
In this case Small's recourse was through the grievance process, which we note that Small, through her attorney, specifically invoked.

Conclusion
For the reasons set forth above, the trial court's denial of Gloria Small's request for writ of mandamus and injunctive relief against the Caddo Parish School Board is AFFIRMED. Costs are assessed to Gloria Small.
NOTES
[1] There is no explanation given as to why this process would take more than seven months to complete.
[2] All agree that the grievance process is not such a hearing.